UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FAY STEWART,

                Plaintiff,

-against-

THE CITY OF NEW YORK, LAWRENCE
GRANSHAW, and JOHN DOE,

                Defendants.
----------------------------------X

CV 12 - 2792

MATSUMOTO, J.

GOLD, M.J.

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

SUMMONS ISSUED

    Plaintiff Fay Stewart, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

    1.    At all times hereinafter mentioned, plaintiff Fay Stewart was an adult female resident of Queens County, within the State of New York.

    2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

    3.    At all relevant times hereinafter mentioned, defendant Lawrence Granshaw was an adult male employed by the City of New York as a member of the NYPD assigned to the 107 precinct in Queens County. Defendant Granshaw is sued herein in his official and individual capacities.

    4.    At all relevant times hereinafter mentioned, defendant John Doe was an

individual employed by the City of New York as a member of the NYPD assigned to the 107 precinct. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On June 2, 2009, at about 10:15 a.m., plaintiff was present in front of 139-44 87th Avenue, in Queens County, New York.

8. Plaintiff had previously paid a deposit on an apartment in the building at the location. The landlord had then told her that he was raising the rents in the building. When plaintiff stated that she would rather have him return her deposit than agree to pay more in rent, the landlord refused and angrily pushed plaintiff down several steps.

9. Ms. Stewart immediately called the police with the intention of having the landlord arrested for the assault.

10. The defendant officers arrived at the scene and found plaintiff lying prone on the ground. Although she was the complainant and was obviously injured, the defendants refused to investigate her claims.

11. Instead, the defendants simply spoke with the landlord and then handcuffed and arrested plaintiff. Although plaintiff was visibly injured and clearly in pain, the defendants forced her to walk to the police car and to remain intermittently on her feet

throughout her processing and imprisonment. Plaintiff was later found to have suffered torn menisci in her right knee, among other injuries. This injury, and plaintiff's physical suffering, was exacerbated by her treatment by the individual defendants.

12. Plaintiff had not been and was not currently engaged in any unlawful or suspicious activity when the defendants encountered her. Moreover, in view of the fact that she had telephoned the police and the circumstances under which the defendants found her when they arrived, it was objectively unreasonable not to investigate further.

13. Plaintiff was then transferred to a local area precinct, where she was held for several hours, before he was transferred to Queens County Central Booking, where she was held for several more hours before he was arraigned on a criminal complaint sworn to by defendant Granshaw alleging that plaintiff had assaulted and harassed the landlord and been disorderly.

14. The decision to arrest plaintiff was objectively unreasonable under the circumstances, as was the defendants' refusal to arrest the landlord based on plaintiff's allegations that she had been assaulted.

15. Plaintiff was arraigned on various alleged criminal charges and prosecuted for a period of months, before she agreed to accept an adjournment in contemplation of dismissal. The charges were subsequently dismissed.

16. These charges were based on materially false statements of fact, including statements which defendants knew or should have known were false.

17. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the

3

conduct of the defendants who engaged in the misconduct described herein as required.

18. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

19. Plaintiff repeats the allegations contained in paragraphs "1" through "18" above as though stated fully herein.

20. Defendants willfully and intentionally seized, searched, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

21. Plaintiff willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances by forcing her to walk and remain standing while injured, and denying her medical care, caused plaintiff to suffer physical injuries and an exacerbation of pre-existing injuries, without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

22. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, and denial of due process, and thereby violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

23. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

24. Plaintiff repeats the allegations contained in paragraphs "1" through "23" above as though stated fully herein.

25. The defendants deliberately and intentionally treated plaintiff in a markedly and significantly different manner than the similarly situated landlord.

26. Furthermore, even if defendants' conduct is not related to plaintiff's membership in a protected class, there is no rational basis for defendants to refuse to make even the most rudimentary inquiry of plaintiff as to her claims against the landlord, particularly in light of the fact that she was the complaining witness, and then to summarily arrest plaintiff.

27. By engaging in such conduct, the defendants have violated the plaintiff's right to equal protection under the law as provided by the Fourteenth Amendment to the United States Constitution.

28. By reason thereof, the defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## THIRD CAUSE OF ACTION

29. Plaintiff repeats the allegations contained in paragraphs "1" through "28" above as though stated fully herein.

30. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

31. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority,

5

use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

32. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

33. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

34. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to

      those who have already been handcuffed;

  b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

  c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

  d. Retaliating against officers who report police misconduct; and

  e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

41. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

  a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

  b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

  c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

  d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

  e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);
  f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

  g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.)

  h. *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

  i. *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

  j. *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton* v. *Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz* v. *The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza* v. *City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

42. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

43. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the

NYPD either simply issues a verbal warning or drops the charges altogether.

44. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

45. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, disbursements, and costs of the action; and

    iii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       June 1, 2012

By: _____
Michael Lumer (ML-1947)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743